[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 17, 2008
THOMAS K. KAHN
CLERK

No. 07-16015
Non-Argument Calendar

_____

D. C. Docket No. 07-00134-CR-T-17EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 17, 2008)

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Eduardo Gonzalez appeals his 188-month sentence for possession of 500 or

more grams of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii). His sole contention is that the district court enhanced his sentence in violation of the Sixth Amendment because it relied on past convictions that were neither included in the indictment nor proven to a jury. Specifically, Gonzalez argues that, under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2346 (2000), any consideration of his prior convictions violates his Sixth Amendment rights. He also argues that, under Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007), most judicial fact-finding that increases a sentence based on prior convictions violates the Sixth Amendment.

The Supreme Court has explicitly held that the government need not allege in its indictment nor prove beyond a reasonable doubt to a jury that a defendant had prior convictions in order for a district court to use those convictions to enhance a sentence. Almendarez-Torres v. United States, 523 U.S. 224, 226-27, 118 S.Ct. 1219, 1222 (1998). Further, in United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005), we held that the decision in Almendarez-Torres was "left undisturbed" by the decisions in Apprendi, Blakey v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), so that "a district court does not err by relying on prior convictions to enhance a defendant's sentence."

The Supreme Court's <u>Cunningham</u> decision does not support Gonzalez's position.  The Court did reiterate there that  "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, <u>other than a prior conviction</u>, not found by a jury or admitted by the defendant."  <u>Cunningham</u>, 549 U.S. at __, 127 S.Ct. at 860 (emphasis added).   The "other than" language preserves the <u>Almendarez-Torres</u>  rule.   Moreover, as the Supreme Court has reminded lower courts, its "decisions remain binding precedent until [it] see[s] fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing vitality."  <u>Hohn v. United States</u>, 524 U.S. 236, 252-53, 188 S.Ct. 1969, 1978 (1998).

**AFFIRMED.**